IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Ted Wayne Saunders, #1054985, | ) | C/A No.: 1:16-1149-BHH-SVH |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | REPORT AND RECOMMENDATION |
| | ) | |
| U.S. Marshal Service, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

Ted Wayne Saunders ("Petitioner"), proceeding pro se and in forma pauperis, was housed at the Charleston County Detention Center as a federal pretrial detainee at the time that he filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Pursuant to the provisions of 28 U.S.C. § 636(b) and Local Civ. Rule 73.02(B)(2)(c) (D.S.C.), the undersigned is authorized to review such petitions for relief and submit findings and recommendations to the district judge. For the reasons that follow, the undersigned recommends that the district judge dismiss the petition in this case without prejudice.

I.      Factual and Procedural Background

Petitioner alleges his right to a speedy trial has been violated because he has been in county jail for 13 months waiting for a supervised release violation hearing. [ECF No. 1 at 6]. Petitioner argues his term of supervised release expired on February 26, 2015, and contends the state charges that supported his supervised release violation have been dismissed. *Id.* at 7–8. Petitioner asks the court to grant a downward departure based on

his current detainment and seeks immediate release due to the expiration of his term of supervision. *Id.* at 8.

II.    Discussion

A.    Standard of Review

Under established local procedure in this judicial district, a careful review has been made of this petition pursuant to the Rules Governing Section 2254 Proceedings for the United States District Court,[1] the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214, and other habeas corpus statutes. Pro se complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case.  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  In evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N.Y.*, 529 F.2d 70, 74 (2d Cir. 1975). The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

---

[1] The Rules Governing Section 2254 are applicable to habeas actions brought under § 2241.  *See* Rule 1(b).

B.      Analysis

Pretrial petitions for habeas corpus are properly brought under 28 U.S.C. § 2241, "which applies to persons in custody regardless of whether final judgment has been rendered and regardless of the present status of the case pending against him." *United States v. Tootle*, 65 F.3d 381, 383 (4th Cir. 1995) (quoting *Dickerson v. Louisiana*, 816 F.2d 220, 224 (5th Cir. 1987)). However, a federal pretrial detainee must first exhaust his other available remedies before seeking habeas corpus relief under section 2241. *See, e.g.*, *Jones v. Per*kins, 245 U.S. 390, 391 (1918) ("It is well settled that in the absence of exceptional circumstances in criminal cases the regular judicial procedure should be followed and habeas corpus should not be granted in advance of a trial."); *Kotmair v. United States*, 143 F. Supp. 2d 532, 534 (E.D.N.C. 2001) ("Principles of judicial economy and efficiency weigh against allowing federal defendants to file separate habeas petitions where an appropriate remedy is available with the trial court."). Petitioner could have filed a speedy trial motion in his criminal case before the district judge who was handling his revocation proceedings any time after he was detained on February 6, 2015. Petitioner does not indicate that he filed such a motion. Because Petitioner failed to exhaust remedies that were available to him prior to filing this § 2241 petition, his petition is premature and should be dismissed.

Additionally, it appears that Petitioner's claim is now moot. On April 19, 2016, Petitioner appeared before the Honorable David C. Norton, United States District Judge, for a final supervised release revocation hearing. *See United States v. Saunders*, 2:12-cr-469-DCN, ECF No. 79 (D.S.C.). On April 27, 2016, Judge Norton entered an order

revoking Petitioner's supervised release and sentencing him to time served. *Id.* at ECF No. 80.[2]

III.    Conclusion and Recommendation

Accordingly, the undersigned recommends that the district judge dismiss the petition in the above-captioned without prejudice.

IT IS SO RECOMMENDED.

*Shiva V. Hodges*

April 29, 2016                          Shiva V. Hodges
Columbia, South Carolina                United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

---

[2] The court takes judicial notice of Petitioner's criminal proceedings. *See Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) (noting that the most frequent use of judicial notice is in noticing the content of court records); *Fletcher v. Bryan*, 175 F.2d 716, 717 (4th Cir. 1949).

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).